UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE BROWN,

    Plaintiff,

v.

CITY OF ALLEN PARK,

    Defendant.

                                                    /

Case No. 17-12403

Honorable Nancy G. Edmunds

## ORDER TO SHOW CAUSE

On July 25, 2017, Plaintiff Tracie Brown commenced this suit in this Court against her employer, the Defendant City of Allen Park, asserting claims of sexual harassment, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  This Court's subject matter jurisdiction over this action rests upon Plaintiff's assertion of claims arising under federal law.  *See* 28 U.S.C. § 1331.

Before she filed the present suit, Plaintiff commenced a state court action back in April of 2016 against her supervisor in the Allen Park Police Department, Daniele Cerroni.  In her initial complaint in this state court suit, Plaintiff alleged that defendant Cerroni engaged in abusive and harassing conduct that appears to be similar, if not identical, to the misconduct alleged in her complaint in the present case before this Court.  The claims asserted in Plaintiff's initial state court complaint, however, arose solely under Michigan law.  Likewise, when Plaintiff amended her state court complaint in January of 2017, naming the Defendant City as a second defendant, she again asserted only state law claims — *i.e.,* tort claims of intentional infliction of emotional

distress and assault and battery, as well as claims of sexual harassment, sex discrimination, and retaliation under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 *et seq.* Accordingly, once Plaintiff brought the present suit in July of 2017, she had parallel actions pending in state and federal court, both involving the same or similar underlying facts, but asserting discrete claims arising under state and federal law, respectively.

Against this procedural backdrop, the Defendant City filed a notice of removal on August 24, 2017, purporting to remove Plaintiff's state court action to this Court so that Plaintiff's parallel state and federal claims alike may be litigated within the confines of a single federal suit. Yet, while this attempted consolidation of Plaintiff's two cases might well prove convenient for Defendant, nothing in the federal removal statute appears to authorize this maneuver. Rather, the statute authorizes the removal only of cases over which the federal district courts "have original jurisdiction, 28 U.S.C. § 1441(a) — *i.e.,* cases within the court's federal question or diversity jurisdiction. Plaintiff's state court suit falls within neither of these categories, since the parties are not diverse and Plaintiff has asserted only state law claims.[1] Moreover, to the extent that Defendant's notice of removal appeals to the Court's authority to exercise supplemental jurisdiction over state law claims that are sufficiently related to a plaintiff's federal claims, this authority

---

[1]Defendant's attempted removal of Plaintiff's state court action also is untimely. A notice of removal must be filed either (i) within 30 days after the defendant is served with a copy of the complaint, *see* 28 U.S.C. § 1446(b)(1), or (ii) if the case is not initially removable, within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," § 1446(b)(3). Plaintiff filed her initial state court complaint over a year ago, and nothing in the record suggests that the case became removable at any time thereafter.

extends only to claims filed in the same "civil action" over which the Court has "original jurisdiction." 28 U.S.C. § 1367(a). Accordingly, while the Court presumably could have exercised supplemental jurisdiction over Plaintiff's state law claims if she had asserted them along with her Title VII claims in the present suit, the power conferred under § 1367(a) does not permit the Court to reach into and disrupt a separate, ongoing state court action by removing any and all state law claims that are sufficiently related to claims pending before the Court.

Absent any evident basis for the removal of Plaintiff's state court suit to federal court, Defendant's notice of removal must be stricken from the docket, and the state court action must be remanded. Before the Court does so, however, Defendant will be given an opportunity to identify authority for its attempted removal of Plaintiff's state court suit. Accordingly,

IT IS HEREBY ORDERED that within fourteen (14) days of the date of this Order, Defendant shall SHOW CAUSE in writing why its August 24, 2017 notice of removal (Dkt. 4) should not be stricken from the docket in this case, and why the state court suit that is the subject of this notice should not be remanded back to state court as improperly removed.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2017, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager