# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACIE BROWN,

    Plaintiff,

v.

CITY OF ALLEN PARK,
A municipal corporation,

    Defendant.

Case No. 17-cv-12403-NGE-SDD
Hon. Nancy G. Edmunds

Removed from Wayne County
Circuit Court
(Case No. 2016-005240-CZ)

| SALVATORE PRESCOTT & PORTER, PLLC | O'CONNOR DeGRAZIA TAMM & O'CONNOR, PC |
|---|---|
| By: Sarah S. Prescott (P70510) | By: Lauri B. Stewart (P55014) |
| Attorney for Plaintiff | Attorney for Defendant |
| 105 E. Main Street | 40701 Woodward Avenue, Suite 105 |
| Northville, MI 48167 | Bloomfield Hills, MI 48304 |
| (248) 679-8711 | (248) 433-2000 |
| Prescott@spplawyers.com | lbstewart@odtlegal.com |

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES the Defendant, the CITY OF ALLEN PARK, by and through their attorneys, O'CONNOR, DeGRAZIA, TAMM & O'CONNOR, P.C., and in response to the Court's Order to Show Cause, state as follows:

1. On or about April 25, 2016, Plaintiff filed a lawsuit in the Wayne County Circuit Court against Daniele Cerroni, an administrative sergeant at the City of Allen Park Police Department, alleging state law claims, Case No. 2016-

005240-CZ, Hon. John A. Murphy. **Plaintiff's Original State Complaint, Doc #4, Pg ID 27-32.**

2. On January 20, 2017, Plaintiff amended her state court Complaint naming Defendant, the City of Allen Park, as a second defendant. The Amended Complaint only alleged state law claims. **Plaintiff's Amended State Complaint, Doc #4, Pg ID 33-43.**

3. On July 25, 2017, Plaintiff commenced the present suit against Defendant, the City of Allen Park, based on the same factual allegations and asserting the same essential causes of action, except under federal law.

4. On August 24, 2017, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §1331, §1443 and §1446, arguing that this court should exercise jurisdiction over Plaintiff's state court claims for the purpose of efficiency and conservation of judicial resources.

5. On September 11, 2017 Defendant received an Order to Show Cause which stated that this Court could "find nothing in the federal removal statute [which] appear[ed] to authorize [removal in this case.]"

6. Also September 11, 2017, Defendant received correspondence from Plaintiff's counsel detailing the reasoning for her belief that Defendant's Notice of Removal was inappropriate.

7. Notice of removal may be filed within 30 days after receipt by defendant of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. The 30-day period under 28 USC 1446 only begins to run after a defendant has received a copy of an "amended pleading, motion, order or other paper" that contains "solid and unambiguous" information that the case is removable. *Berera v Mesa Med Group*, *PLLC*, 779 F3d 352, 364 (CA 6), cert den 136 S Ct 243; 193 L Ed 2d 133 (2015).

9. Generally, courts have interpreted "other paper" as referring to documents generated within the state court litigation itself. *Kocaj v. Chrysler Corp.*, 794 F. Supp. 234, 236 (E.D. Mich. 1992).

10. However, courts have also recognized that in some circumstances, documents filed in another case may constitute "other paper" for the purposes of removal where the other case involves the same parties, and similar factual and legal issues. *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) citing *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir.2001); *Doe v. American Red Cross*, 14 F.3d 196, 198 (3d Cir.1993); *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594, 596 (E.D.Ky.1952).

11. Thus, within 30-days of the filing of Plaintiff's federal complaint involving identical parties, based on the same factual allegations, and asserting the same essential causes of action as in her state case; Defendants filed their Notice of Removal.

12. However, in light of the apparent consensus regarding impropriety of removal, and in good faith and the spirit of cooperation, Defendant will withdraw its Notice of Removal.

13. Pursuant to Local Rule 7.1(a), counsel for Defendant, the City of Allen Park certifies that, on 09/21/2017, a request for concurrence was made as it relates to the withdrawal of the Notice of Removal and same was provided.

WHEREFORE, Defendant, the CITY OF ALLEN PARK, respectfully requests the Court grant their request to withdraw its Notice of Removal.

Respectfully submitted,

O'CONNOR, DeGRAZIA, TAMM & O'CONNOR, P.C.

By: /s/ *Lauri B. Stewart*
LAURI B. STEWART (P55014)
Attorney for Defendant
40701 Woodward Avenue, Suite 105
Bloomfield Hills, MI 48304
(248) 433-2000
DATED: September 26, 2017   lbstewart@odtlegal.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRACIE BROWN,

    Plaintiff,

v.

CITY OF ALLEN PARK,
A municipal corporation,

    Defendant.

Case No. 17-cv-12403-NGE-SDD
Hon. Nancy G. Edmunds

Removed from Wayne County
Circuit Court
(Case No. 2016-005240-CZ)

| SALVATORE PRESCOTT & PORTER, PLLC | O'CONNOR DeGRAZIA TAMM & O'CONNOR, PC |
|---|---|
| By: Sarah S. Prescott (P70510) | By: Lauri B. Stewart (P55014) |
| Attorney for Plaintiff | Attorney for Defendant |
| 105 E. Main Street | 40701 Woodward Avenue, Suite 105 |
| Northville, MI  48167 | Bloomfield Hills, MI  48304 |
| (248) 679-8711 | (248) 433-2000 |
| Prescott@spplawyers.com | lbstewart@odtlegal.com |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**RESPONSE TO ORDER TO SHOW CAUSE**

**STATEMENT OF FACTS**

On or about April 25, 2016, Plaintiff filed a lawsuit in the Wayne County Circuit Court against Daniele Cerroni, an administrative sergeant in the Allen Park Police Department, alleging state law claims, Case No. 2016-005240-CZ, Hon. John A. Murphy. **Plaintiff's Original State Complaint, Doc #4, Pg ID 27-32.** On January 20, 2017, Plaintiff amended her state court Complaint naming

Defendant, the City of Allen Park, as a second defendant.  **Plaintiff's Amended State Complaint, Doc #4, Pg ID 33-43.**  The Amended Complaint only alleged state law claims.  On July 25, 2017, Plaintiff commenced the present suit against Defendant, the City of Allen Park, based on the same factual allegations and asserting the same essential causes of action, except under federal law.  **Complaint, Doc #1, Pg ID 1-14.**  On August 24, 2017, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §1331, §1443 and §1446, arguing that this court should exercise jurisdiction over Plaintiff's state court claims for the purpose of efficiency and conservation of judicial resources.  **Notice of Removal, Doc #4, Pg ID 19-42.**  On September 11, 2017 Defendant received an Order to Show Cause which stated that this Court could "find nothing in the federal removal statute [which] appear[ed] to authorize [removal in this case.]"  **Order to Show Cause, Doc #8, Pg ID 66.**  Also September 11, 2017, Defendant received correspondence from Plaintiff's counsel detailing the reasoning for her belief that Defendant's Notice of Removal was inappropriate.

Although Defendant in good faith filed its Notice of Removal on the belief and opinion that supplemental jurisdiction could be appropriately exercised under these circumstances, Defendant is practical enough to recognize that when the consensus is otherwise, it is not likely to be a battle worth waging.  Accordingly, Defendant now moves to withdraw its Notice of Removal

## ARGUMENT

**I.  RESPONSE TO ORDER TO SHOW CAUSE AND WITHDRAWAL OF NOTICE OF REMOVAL.**

The procedure for removal of civil actions to federal court is governed by 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Generally, state court civil actions may be removed to federal district court where: (1) the district court has original jurisdiction over the claims plead, and/or (2) based on diversity jurisdiction. 28 U.S.C. § 1441.

28 U.S.C. § 1446 describes three basic procedural scenarios for removal: (1) where the initial pleading includes removable claims, a defendant shall file a notice of removal within 30 days after being served, (2) "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," and (3) a case may be removed on the basis of diversity jurisdiction up to one year after commencement of the action. 28 U.S.C. § 1446.

Under the second procedural scenario laid out in 28 U.S.C. § 1446(b)(3), case law has clarified that the 30-day period only begins to run after a defendant has received a copy of an "amended pleading, motion, order or other paper" that contains **"solid and unambiguous"** information that the case is removable.

3

*Berera v Mesa Med Group*, PLLC, 779 F3d 352, 364 (CA 6), cert den 136 S Ct 243; 193 L Ed 2d 133 (2015) (internal citations omitted).

> [The] requirement of solid and unambiguous information is akin to actual notice. [. . .] 'The statute requires 'an amended pleading, motion, order, or other paper' to act as a trigger to commence the running of a new 30–day period once the defendant has received actual notice, [. . .] that a previously unremovable case has become removable.'

*Id.*

Defendants assert that Plaintiff's federal complaint may constitute "other paper" sufficient to trigger the 30-day period for removal pursuant to 28 U.S.C. § 1446(b)(3). The definition of "other paper" is not well-defined. However, generally, most circuits seem to be of the opinion that filings in other lawsuits, do not constitute "other papers" for removal purposes. *Kocaj v. Chrysler Corp.*, 794 F. Supp. 234, 237 (E.D. Mich. 1992) ("'[O]ther paper' means a paper **in the state court action** that does not constitute 'an amended pleading, motion, [or] order.'").

Still, most of these cases do not address "other papers" from lawsuits which are closely related. For example, in *Kocaj*, the Eastern District of Michigan implied that a court decision in a separate but related action, might constitute "other paper" within the meaning of 28 U.S.C. § 1446. *Kocaj*, at 237. Other federal courts have made similar statements. *Growth Realty Companies v. Burnac Mortg. Inv'rs, Ltd.*, 474 F. Supp. 991, 996 (D.P.R. 1979) ("[W]e find that the phrase 'other paper' utilized in Section 1446(b) cannot refer to pleadings filed in a

4

**separate, distinct case, in which the parties are not the same** . . . ."); *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) citing *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir.2001); *Doe v. American Red Cross*, 14 F.3d 196, 198 (3d Cir.1993); *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594, 596 (E.D.Ky.1952). Thus, within 30-days of the filing of Plaintiff's federal complaint involving identical parties, based on the same factual allegations, and asserting the same essential causes of action as in her state case, Defendants filed their Notice of Removal.

However, in light of the apparent opinion of this Court (shared seemingly by Plaintiff's counsel), and in good faith and the spirit of cooperation, Defendant now moves to withdraw its Notice of Removal.

## **CONCLUSION**

WHEREFORE, Defendant, CITY OF ALLEN PARK, respectfully requests the Court withdraw the Notice of Removal.

Respectfully submitted,

O'CONNOR, DeGRAZIA, TAMM & O'CONNOR, P.C.

By: /s/ *Lauri B. Stewart*
LAURI B. STEWART (P55014)
Attorney for Defendant
40701 Woodward Avenue, Suite 105
Bloomfield Hills, MI 48304
(248) 433-2000
DATED: September 26, 2017   lbstewart@odtlegal.com

5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRACIE BROWN,

    Plaintiff,

v.

CITY OF ALLEN PARK,
A municipal corporation,

    Defendant.

Case No. 17-cv-12403-NGE-SDD
Hon. Nancy G. Edmunds

Removed from Wayne County
Circuit Court
(Case No. 2016-005240-CZ)

| SALVATORE PRESCOTT & PORTER, PLLC<br>By: Sarah S. Prescott (P70510)<br>Attorney for Plaintiff<br>105 E. Main Street<br>Northville, MI  48167<br>(248) 679-8711<br>Prescott@spplawyers.com | O'CONNOR DeGRAZIA TAMM & O'CONNOR, PC<br>By: Lauri B. Stewart (P55014)<br>Attorney for Defendant<br>40701 Woodward Avenue, Suite 105<br>Bloomfield Hills, MI  48304<br>(248) 433-2000<br>lbstewart@odtlegal.com |
|---|---|

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 26, 2017, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF efile system which will send notification of such filing to the following: Sarah S. Prescott and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-efile participants: None.

    /s/Cheryl Pinter (capinter@odtlegal.com)
    40701 Woodward Avenue, Ste. 105
    Bloomfield Hills, MI 48304
    (248) 433-2000