# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACIE BROWN,

    Plaintiff,

v.

CITY OF ALLEN PARK,
A municipal corporation,

    Defendant.

Case No. 17-cv-12403-NGE-SDD
Hon. Nancy G. Edmunds

| SALVATORE PRESCOTT & PORTER, PLLC<br>By: Sarah S. Prescott (P70510)<br>Attorney for Plaintiff<br>105 E. Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>Prescott@spplawyers.com | O'CONNOR DeGRAZIA TAMM & O'CONNOR, PC<br>By: Lauri B. Stewart (P55014)<br>Attorney for Defendant<br>40701 Woodward Avenue, Suite 105<br>Bloomfield Hills, MI 48304<br>(248) 433-2000<br>lbstewart@odtlegal.com |
|---|---|

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR ABSTENTION

## INTRODUCTION

Plaintiff's response makes important concessions in favor of abstention while also incorrectly interpreting, and at times misstating, the applicable law. As detailed below, as well as for the reasons set forth in Defendant's original motion for abstention, this Court should grant Defendant's motion for abstention and stay this case during the pendency of Plaintiff's state court action.

# ARGUMENT

I.  **Plaintiff's Response Misstates the Applicable Law.**

The first four pages of Plaintiff's legal analysis in her response are based on a misstatement of the *Colorado River* doctrine. In response to Defendant's Motion, Plaintiff detailed <u>three other</u> abstention doctrines, <u>which are not</u> the *Colorado River* abstention doctrine, and argues that Defendant's Motion should be denied because it does not address the applicability of these additional doctrines. **Plaintiff's Response, Doc #107, Pg ID 153.** Defendant does not deny that its Motion does not address these other abstention doctrines and takes no position as to their applicability to the facts of this case. Defendant's Motion is focused on abstention pursuant to the *Colorado River* doctrine only. The *Colorado River* case created a distinct basis for federal court abstention <u>additional to and apart from</u> the other doctrines quoted by Plaintiff in her Response. For this reason, Plaintiff's lengthy discussion of other bases for federal court abstention are irrelevant to the motion at hand.

II. **Plaintiff's Response Concedes that Her Two Actions Are Parallel.**

Plaintiff's response essentially concedes that her state and federal actions are parallel, satisfying the threshold question of the *Colorado River* test. See *Romine v. Compuserve Corp.*, 160 F.3d 337, 339-40 (6th Cir. 1998). Specifically, Plaintiff states in her Response that she has agreed via stipulation that the discovery in her

state case will also apply in her federal case.  **Plaintiff's Response, Doc #107, Pg ID 152.**  As stated by the Sixth Circuit in *Romine*, *supra*, "[e]xact parallelism is not required" in order to consider concurrent state and federal actions "parallel" for the purposes of the *Colorado River* test. *Id.* So long as the parties are "substantially similar," and the claims raised in both suits are "predicated on the same allegations as to the same material facts," the two actions will come close enough to count as parallel." *Id.* (emphasis added).  Here, Plaintiff has admitted that her concurrent state and federal actions are based on the same material facts such that she has stipulated that discovery in one case would apply equally in the other.

### III.  Plaintiff is Not Entitled to Punitive Damages under 42 U.S.C. § 1981a.

Plaintiff's primary argument against the application of the Colorado River abstention doctrine is that the availability of punitive damages under 42 U.S.C. § 1981a distinguishes her federal case from her state case, where punitive damages are not authorized.  However, this interpretation of 42 U.S.C. § 1981a regarding the potential for punitive damages is simply incorrect under the facts of this case. It is well-established that 42 U.S.C. § 1981a does not permit recovery of punitive damages against a "government, government agency or political subdivision." 42 U.S.C. § 1981a; *Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998).  Pursuant to the plain meaning of the statute's language and to relevant case law, a city is a "government" against which 42 U.S.C. § 1981a bars the recovery of punitive

3

damages. *Clark v. City of Macon, Ga.*, 860 F. Supp. 1545, 1552 (M.D. Ga. 1994) (barring recovery of punitive damages in Title VII employment discrimination action against city). Thus, Plaintiff cannot recover punitive damages against the City of Allen Park because this recovery is explicitly prohibited by statute.

This misinterpretation regarding the availability of punitive damages under 42 U.S.C. § 1981a vitiates Plaintiff's argument against application of *Colorado River* abstention. Indeed, Plaintiff's primary assertion in her Response is that her federal case is distinct from her state case based on her ability to claim punitive damages in the federal case. Plaintiff makes this point repeatedly, arguing that the availability of punitive damages as to her federal claims proves that her actions are not "parallel" under the *Colorado River* test, and then, moving the multi-factor analysis of the *Colorado River* test, that this apparent difference in available remedies should persuade this court to weigh said factors against abstention. **Plaintiff's Response, Doc #107, Pg10 ID 157, 160-61.**

Even if punitive damages were available in the federal court action, abstention would still be appropriate. "Exact parallelism" is not required. Concurrent cases may be deemed parallel where there was substantial similarity. (See *Romine, supra* at 339-40; *Taylor v. Campanelli*, 29 F. Supp. 3d 972, 977 (E.D. Mich. 2014)). Nonetheless, because 42 U.S.C. § 1981a bars recovery of punitive damages against governments, Plaintiff cannot assert (on the basis of

4

differing relief) that the Michigan state courts are incapable of safeguarding Plaintiff's rights under Title VII. Therefore, an analysis of the facts of this case under the *Colorado River* multi-factor test must weigh in favor of abstention.

In short, Plaintiff cannot distinguish her federal claims from her state claims sufficiently enough to avoid abstention.

## CONCLUSION

WHEREFORE, Defendant, CITY OF ALLEN PARK, respectfully requests that this Honorable Court grant its Motion for Abstention and enter an order staying this case during the pendency of Plaintiff's state court action, and ordering any such other relief as the Court deems appropriate.

        Respectfully submitted,

        O'CONNOR, DeGRAZIA, TAMM & O'CONNOR, P.C.

        By:   /s/ *Lauri B. Stewart*
              LAURI B. STEWART (P55014)
              Attorney for Defendant
              40701 Woodward Avenue, Suite 105
              Bloomfield Hills, MI 48304
              (248) 433-2000
DATED: October 17, 2017    lbstewart@odtlegal.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACIE BROWN,

    Plaintiff,                                        Case No. 17-cv-12403-NGE-SDD
                                                      Hon. Nancy G. Edmunds

v.

CITY OF ALLEN PARK,
A municipal corporation,

    Defendant.

| | |
|---|---|
| SALVATORE PRESCOTT & PORTER, PLLC | O'CONNOR DeGRAZIA TAMM & O'CONNOR, PC |
| By: Sarah S. Prescott (P70510) | By: Lauri B. Stewart (P55014) |
| Attorney for Plaintiff | Attorney for Defendant |
| 105 E. Main Street | 40701 Woodward Avenue, Suite 105 |
| Northville, MI  48167 | Bloomfield Hills, MI  48304 |
| (248) 679-8711 | (248) 433-2000 |
| Prescott@spplawyers.com | lbstewart@odtlegal.com |

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2017, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF efile system which will send notification of such filing to the following: Sarah S. Prescott and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-efile participants: None.

                                                     /s/Cheryl Pinter (capinter@odtlegal.com)
                                                     40701 Woodward Avenue, Ste. 105
                                                     Bloomfield Hills, MI 48304
                                                     (248) 433-2000