UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE BROWN,

    Plaintiffs,

Case No. 17-12403

v.

Honorable Nancy G. Edmunds

CITY OF ALLEN PARK,
A municipal corporation,

    Defendants.
                                         /

**ORDER DENYING DEFENDANT'S MOTION FOR ABSTENTION [12]**

Police officer, Tracie Brown ("Plaintiff") filed this Title VII Civil Rights action for sexual harassment, sex discrimination and retaliation on July 25, 2017. The City of Allen Park ("Defendant") moves to stay this action with a Motion for Abstention in deference to a parallel action in state court, pursuant to the *Colorado River* doctrine. (Dkt. 12, at 3.) For the reasons that follow, based on the parties' briefs, and the oral arguments which took place on December 6, 2017, Defendant's motion is DENIED.

**I.    Factual Background**

Having served the City of Allen Park's police department for fifteen years, Plaintiff, in April of 2016, commenced a lawsuit in the Wayne County Circuit Court against an administrative sergeant in the Allen Park Police Department, Daniele Cerroni. Case No. 2016-005240-CZ, Hon. John A. Murphy. Plaintiff's suit alleges state law claims, of sex harassment, and assault and battery, against Cerroni, related to on-going unwanted sexualized attention and touching. Plaintiff amended her state court complaint in January

2017, to add their employer, Defendant, as a second defendant. As with the original complaint, the amended complaint only alleges state law claims.

In July 2017, Plaintiff filed in this Court, a new federal claim against Defendant (and not Cerroni) based on the same factual allegations. Specifically, Plaintiff alleges three counts in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.,* hostile environment sexual harassment, retaliation, and sex discrimination. In response, Defendant, asks this Court to stay these federal proceedings, pending the outcome of the Plaintiff's state claims. Defendant argues abstention is appropriate, since the two suits are based on the same factual allegations and because the state causes of action are similar to those asserted here under federal law.

## II.  Legal Standard

In *Colorado River*, the Supreme Court explained that a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state-court proceeding. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Federal courts recognize several traditional bases for abstaining from exercising their jurisdiction. *See e.g., Younger v. Harris*, 401 U.S. 37 (1971)(holding abstention appropriate where federal proceedings would restrain state criminal proceedings); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185 (1959) and *Railroad Comm'n v. Pullman*, 312 U.S. 496 (1941)(holding abstention appropriate in cases presenting federal constitutional issues which might be mooted or narrowed by a definitive ruling on state law issues); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959)(holding abstention appropriate where difficult questions of state law will be determinative of state policy transcending the result in the case at bar); *Burford v. Sun Oil Co.*, 319 U.S. 315

2

(1943)(holding abstention appropriate where a federal review of the question in the case would be disruptive to state efforts to establish a coherent policy with respect to a matter of substantial public concern).

Beyond these traditional bases for abstaining, *Colorado River* established what has come to be called the *Colorado River* doctrine, which recognizes there are exceptional instances in which the traditional abstention categories are inapplicable but which may nevertheless warrant a stay or dismissal of a federal lawsuit pending the resolution of concurrent state court proceedings. Application of the *Colorado River* doctrine involves a two step process. First, a determination of the threshold issue of whether the state and federal cases are parallel. And second, careful consideration of the multiple *Colorado River* factors, to determine if abstention is appropriate. *Preferred Care of Delaware, Inc. v. VanArsdale*, 676 Fed.Appx. 388, 393 (6th Cir. 2017)(unpublished).

"Abdication of the obligation to decide cases can be justified under the doctrine only in exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813. "[T]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Id*. at 813-14. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . . This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging

obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817 (internal quotation marks omitted).

### III. Analysis

A. Parallel Cases

To determine whether application of the *Colorado River* doctrine is appropriate, the Court must first address the threshold issue of whether the state and federal proceedings involve the same parallel matter. *See Moses H. Cone Memorial Hosp. V. Mercury Center*, 460 U.S. 1, 13-15 (1983). The appropriate consideration is whether the two cases are currently parallel, not whether one could be modified so as to make the cases identical. *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). "Exact parallelism" between the actions is not required; instead, the actions need only be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)

Here the state case and this matter are parallel. "[W]here (1) the parties are substantially similar and (2) [plaintiff's] claims against [defendants] are predicated on the same allegations as to the same material facts. . . .the actions must be considered "parallel" for the purposes of the *Colorado River* abstention doctrine." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). Defendant is named in both the state and federal case. Likewise, Plaintiff, is the sole plaintiff in both matters. The party differences, that Plaintiff chose not to name Cerroni as defendant in the federal case, is not decisive. "This court has never held that only a perfect, or even near-perfect, symmetry of parties and causes of action" are necessary to satisfy the "parallel" criteria. *Preferred Care*, 676 Fed.Appx. at 393.

4

The counts arise out of the same claims and alleged set of facts. Both concern whether Cerroni caused Plaintiff to experience a hostile work environment, and sexual harassment, and the adequacy of Defendant's response to those alleged incidents. Many of the witnesses and much of the discovery is expected to overlap. The parties have even stipulated they will rely on a single discovery process for both cases.

Plaintiff argues the cases cannot be parallel where the remedies available in the two cases are different. The remedy available however does not inform parallelism. It is the similarity of the parties and the reliance on the same material facts, which determines parallelism. *Romine,* 160 F.3d at 340. Both of these factors support the determination the cases are parallel and thus satisfy the threshold issue under *Colorado River*.

B. The *Colorado River* Doctrine Factors

Defendant, as the moving party, has the burden of showing whether the sort of "exceptional circumstances" warranting abstention are present. This is done through the court's consideration of the *Colorado River* doctrine factors. The Sixth Circuit weights eight factors when considering abstention: (1) whether either court has exercised jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) whether federal or state law provides the basis for decision of the case; (4) avoidance of piecemeal litigation; (5) the order in which jurisdiction was obtained; (6) the state court's ability to protect federal rights; (7) the relevant progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romaine*, 160 F.3d at 341. *See Moses H. Cone*, 460 U.S. at 1; *Heitmanis v. Austin*, 899 F.2d 521, 527 (6th Cir. 1990). When evaluating these factors, the abstention decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in

5

a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

The parties do not dispute the first two *Colorado River* elements (jurisdiction over *res* or property and relative convenience).

(1)     Whether either court has exercised jurisdiction over any *res* or property

Neither the state nor federal court have exercised jurisdiction over any *res* or property related to this matter. "[D]oubts as to whether a particular factor exists in the abstention determination should be resolved against a stay, for only the clearest of justifications will warrant abstention." *Focus Radio, Inc. v. Summit Radio, Inc.*, 853 F.Supp. 252, 256 (E.D. Mich. 1994). Since this factor does not clearly favor abstention, the fact neither court has jurisdiction over any *res* or property weighs against abstention. *Romine*, 160 F.3d at 341 (noting that where no property is at issue, the first factor is inapposite and supports exercising jurisdiction).

(2)     Whether the federal forum is less convenient to the parties

"[T]he second factor relates to geographical consideration, not to the relative jurisdictional scope of state versus federal courts." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001). All parties live and work in the Eastern District, making both forums equally convenient and also weighs against abstention.

(3) Whether federal or state law provides the basis for decision in the case

Federal law, and only federal laws govern, Plaintiff's Title VII claim. When the substantive law is federal, abstention is disfavored. The Supreme Court states "the presence of federal law issues must always be a major consideration weighing against

surrender" of federal jurisdiction in deference to state proceedings. *Moses Cone*, 460 U.S. at 26. Here there are only federal law issues.

Defendant, citing *Romine*, asserts that because state and federal courts have concurrent jurisdiction of Title VII claims, this factor weighs in favor of abstention. (Dkt. 12, at 14.) However, Defendant overstates *Romine*, which never claims concurrent jurisdiction favors abstention at all, only that it minimized what otherwise "would be a strong argument against abstention." *Romine*, 160 F.3d at 342. The relative weight of the source-of-law factor may vary depending on the particular federal law implicated, however consistently, federal law issues weigh in favor of federal courts exercising jurisdiction. Federal law controls the claims brought in this action; therefore this factor weighs against abstention.

(4) Avoidance of piecemeal litigation

"Piecemeal litigation occurs when different courts adjudicate the identical issues, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. The two actions in question have substantial overlap, however there are multiple argument against counting this factor toward abstention.

First, although the material facts in the two cases are the same, the legal issues are not. None of the claims asserted in the state actions is a federal claim, and none of the state common-law claims is asserted in the present action. For instance, to succeed on Count III for intentional infliction of emotional distress, Plaintiff will be required to show she suffered severe and serious emotion distress, and to succeed on Count IV of the state-law claim for battery, Plaintiff will be require to show a touching. Such showings are not needed in order to prevail on a Title VII claim for sexual harassment or retaliation. Title VII's prohibition against gender discrimination "evinces a congressional intent to strike at

7

the entire spectrum of disparate treatment of men and women in employment," and Plaintiff may prevail on her Title VII claims even if she does not show Cerroni touched her or that she suffered severe and serious emotion distress. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993).

A second reason to avoid piecemeal litigation occurs when both courts must resolve the same legal issue which may lead to inconsistent outcomes and conflicting results. The "legitimacy of the court system in the eyes of the public and fairness to the individual litigants. . . .[is] endangered by duplicative suits." *Romaine*, 160 F.3d at 341(quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985). Where, as here, different legal claims are implicated and thus examined in each case, such inconsistencies are not a concern.

Finally, the Supreme Court's goal in *Colorado River* and its progeny cannot be purely to maximize judicial efficiency by eliminating all piecemeal litigation. Traditionally, an action's pendency in state court is not a bar to proceedings concerning the same matter in federal court. The particular circumstances in *Colorado River* warranted extra consideration and concern of piecemeal litigation. There, the McCarran Amendment, the federal law at the heart of *Colorado River*, specifically addressed "the avoidance of piecemeal adjudication" of water rights in the southwest. *Colorado River*, 424 U.S. at 819. Congressional policy expressed a preference for unified state adjudication, which triggered the Supreme Court's added concern about piecemeal litigation, above what is otherwise common in our federal system. There is no similar Congressional policy expressing a preference for unified state adjudication in the civil rights context. Congress has not expressed a desire to avoid piecemeal litigation of Title VII claims. There is no compelling

circumstance to warrant extraordinary concern about piecemeal litigation in this instance, and thus, this factor weighs against abstention.

(5) Order in which jurisdiction was obtained

In *Moses H. Cone,* the Supreme Court determined the relevance of this factor is not to "be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." 460 U.S. at 21. Therefore although Plaintiff filed her state court claim before the federal court claim, the relative progress of the two cases is nearly the same. The state court has only just begun discovery, and since discovery will be shared, the progress there is also shared. There is no scheduling order in either of the cases. (Dkt. 17, at 10). Most importantly the state court has not disposed of any issue central to both the state and federal actions. The order in which the courts respectively gained jurisdiction does not strongly favor abstention, if at all.

(6) The state court's ability to protect federal rights

The state court can and regularly does protect federal rights of plaintiff's including under Title VII. "The fact that the state court will protect [the defendant's] rights under the [federal law]. . . .does not provide the 'exceptional' circumstances necessary to justify" abstention. *PaineWebber*, 276 F.3d at 209. Nonetheless, this factor favors abstention, even if only slightly.

(7) The relative process of the state and federal proceedings

As noted previously, in the examination of factor five, the state court proceedings has not progressed significantly beyond the federal proceedings. Although in absolute terms the state court began before the federal case, there are no substantive differences favoring one over the other.

9

(8) The presence or absence of concurrent jurisdictions

Both courts can exercise jurisdiction over the claims presented in each of the cases. As they are currently divided, the state court claims are only in the state court and the federal court claims are only in federal court. In *PaineWebber*, 276 F.3d at 208, the Sixth Circuit noted that "the presence of concurrent jurisdiction only marginally, if at all, favors abstention."

Having examined the eight Colorado River factors, the majority weigh against abstention. The few that support abstention do not do so strongly. The present matter is routine, with no novel questions of law and this case does not present the sort of "exceptional circumstances" meriting a dismissal or stay pursuant to *Colorado River*. "[T]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813-14.

Since the *Colorado River* doctrine factors do not council this court to abstain from its duty to adjudicate this controversy, and since precedent strongly supports the federal court retains jurisdiction, the Court finds no merit in Defendant's *Colorado River* abstention argument for a stay, pending the outcome of Plaintiff's state claims.

## IV. Conclusion

For the reasons set forth above, the Court hereby DENIES Defendant's motion for abstention. (Dkt. 12.)

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 21, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2017, by electronic and/or ordinary mail.

s/ Lisa C. Bartlett
Case Manager